United States v. Witham        00-CR-017-SM  06/04/10

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America,
      Government

      v.                              Criminal No. 00-cr-17-2-SM
                                      Opinion No. 2010 DNH 096
Wayne S. Witham,
      Defendant


                        O R D E R


      Under the provisions of 18 U.S.C. § 3663A, defendant's sentence included a mandatory order of full restitution, "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A).  A restitution order, however, must also specify "the manner in which, and the schedule according to which, the restitution is to be paid," 18 U.S.C. § 3664(f)(2), taking into account the defendant's financial resources, projected earnings, and financial obligations, 18 U.S.C. § 3664(b)(2)(A)-(C).


      Defendant's original judgment included an order to pay restitution in the total amount of $800,000, plus interest. (Document no. 14).  Thereafter, the court approved a recommended payment schedule requiring defendant to pay restitution in the amount of $200 per month, until his obligation was paid in full. Defendant was later sanctioned for violating the terms of his supervised release.  The resulting judgment reimposed restitution

in the amount of $785,484.82, to be paid periodically in an amount and on a schedule to be recommended by the probation office and approved by the court. (Document no. 26.) The government points out that the record suggests that the probation office never recommended a second payment schedule for the court's approval.

A payment schedule implementing a restitution order is subject to modification. See 18 U.S.C. § 3664(k). Given the absence of a recommended payment schedule, and having heard relevant evidence on January 5, 2010, the court orders defendant to pay $200 per month toward his restitution obligation, until such time as that obligation is paid in full. Moreover, defendant "shall notify the court and the Attorney General of any material change in [his] economic circumstances that might affect [his] ability to pay restitution." Id. And, of course, any party (defendant, victim or government) may move to adjust the payment schedule on grounds that a change is warranted by defendant's economic circumstances. See id.

SO ORDERED.

_____
Steven J. McAuliffe
Chief Judge

June 4, 2010

2

cc:   Michael T. McCormack, AUSA
      Seth R. Aframe, AUSA
      Robert J. Veiga, AUSA
      U.S. Probation
      Wayne S. Witham, _pro_ _se_